UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSIAH CURRAN,

     Plaintiff,

v.

WESTERN FABRICATING, LLC, a
Florida limited liability company, and
THOMAS SCHREIBER, individually,

     Defendants.

Case No. 2:26-cv-01271

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSIAH CURRAN ("Plaintiff" or "Curran"), by and through undersigned counsel, sues Defendants, WESTERN FABRICATING, LLC ("Western Fabricating"), and THOMAS SCHREIBER ("Schreiber"), and states as follows:

### INTRODUCTION

1.      This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"), Article X, Section 24, Florida Constitution, the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), and Florida common law.

### THE PARTIES

2.      Plaintiff, Josiah Curran, is an individual and a resident of Lee County, Florida.

CALCIANO PIERRO

3. Defendant, Western Fabricating, LLC, is a Florida limited liability company with its principal place of business located at 17061 Alico Commerce Ct, #104 & 105, Fort Myers, Lee County, Florida.

4. Defendant, Thomas Schreiber, is an individual and a resident of Lee County, Florida.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

6. Jurisdiction over the state law claims is proper under 28 U.S.C. § 1367 as they are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Lee County, within the Middle District of Florida.

## FACTUAL ALLEGATIONS

8. At all times relevant, Western Fabricating was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1)(A). Specifically, Western Fabricating has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times relevant, Western Fabricating had an annual gross volume of sales made or business done of not less than $500,000.00.

2

CALCIANO PIERRO

10.     At all times relevant, Plaintiff was an employee of Defendants engaged in commerce or in the production of goods for commerce. Specifically, Plaintiff's duties as Vice President and CFO required him to regularly use the instrumentalities of interstate commerce, including but not limited to the use of telephones, computers, and the internet to communicate with out-of-state vendors, process interstate financial transactions, and manage contracts and purchasing involving goods and services moving in interstate commerce.

11.     Defendant Schreiber is an owner of Western Fabricating. At all times relevant, Schreiber exercised operational control over Western Fabricating's day-to-day business affairs, including the authority to hire and fire employees, determine work schedules, and control the compensation of employees, including Plaintiff. Accordingly, Schreiber is an "employer" within the meaning of the FLSA and FMWA.

12.     Plaintiff was employed by Defendants from approximately January 2020 through January 15, 2026.

13.     Most recently, Plaintiff served as Vice President and CFO for Western Fabricating. Pursuant to an agreement between the parties, Plaintiff was to be paid a weekly salary of $1,250.00.

14.     On December 26, 2025, Defendants failed to fund payroll, which was only met through a loan from the payroll processor.

15.     On January 2, 2026, Defendants again failed to fund payroll, requiring manual wire transfers to Plaintiff and another employee.

16. On January 9, 2026, Defendant Schreiber inexplicably provided incorrect bank account information to the company's new payroll processor, resulting in Plaintiff and other office staff not being paid on time.

17. On or about January 12, 2026, Schreiber provided a wire transfer to Plaintiff to correct the late payment from the January 9th payroll cycle.

18. Upon making this payment, Schreiber immediately sent an email to the company's payroll processor, Paychex, falsely accusing Plaintiff of lying about the missing pay to receive a double-payment. Schreiber made this accusation despite Plaintiff's offer to provide bank statements proving he never received the original January 9th deposit.

19. Immediately following this dispute, and in retaliation for Plaintiff's complaints regarding his unpaid wages and the failure of the company to meet its payroll obligations, Schreiber blocked Plaintiff's phone number and cut off his access to company payroll systems on January 13, 2026.

20. On January 16, 2026, Defendants terminated Plaintiff's employment via a formal letter received by mail.

21. As a pretext for the termination, Defendants falsely accused Plaintiff of "wage theft," claiming he had been double-paid for the January 12th correction. Plaintiff's bank records confirm no such double payment occurred.

22. Defendants have since willfully refused to pay Plaintiff his final earned wages and salary for the period of January 5, 2026, through January 16, 2026.

23.    Plaintiff has complied with all conditions precedent to bringing a claim under the FMWA, including providing Defendants with the required fifteen (15) day notice of intent to initiate litigation on March 12, 2026.

24.    As a result of Defendants' failure to pay his wages, Plaintiff has been forced to retain the undersigned counsel to prosecute this action and has agreed to pay a reasonable fee for said representation.

## COUNT I - FLSA RETALIATION
### (Against All Defendants)

25.    Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26.    The FLSA, 29 U.S.C. § 215(a)(3), prohibits an employer from discharging or discriminating against any employee because such employee has filed any complaint related to the provisions of the FLSA.

27.    Plaintiff engaged in statutorily protected activity under the FLSA when he complained to Schreiber regarding the failure to pay his wages on time and demanded proper payment.

28.    As a direct result of this protected activity, Defendants took adverse employment action against Plaintiff by blocking his communications and terminating his employment.

29.    As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered damages, including but not limited to lost wages and benefits.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for back pay, front pay, liquidated damages, compensatory damages, costs of suit, and reasonable attorney's fees under 29 U.S.C. § 216(b).

## COUNT II - FLSA MINIMUM WAGE VIOLATION
### *(Against All Defendants)*

30.    Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

31.    At all times relevant, Plaintiff was an employee of Defendants and was not exempt from the minimum wage requirements of the FLSA.

32.    Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be paid at least the federal minimum wage for all hours worked for Defendants.

33.    Defendants failed to pay Plaintiff any compensation for work performed between January 5, 2026, and January 15, 2026.

34.    By withholding Plaintiff's final compensation entirely, Defendants failed to pay Plaintiff at least the federal minimum wage for the 72 hours worked or for which he was ready, willing, and able to work during the final pay periods.

35.    Defendants' failure to pay minimum wages on the regularly scheduled payday was willful and part of a historical pattern of non-compliance.

36.    Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid minimum wages, statutory liquidated damages, costs of suit, and reasonable attorney's fees under 29 U.S.C. § 216(b).

## COUNT III - VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### *(Against All Defendants)*

37.     Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

38.     Defendants failed to pay Plaintiff the Florida minimum wage for all hours worked during his final weeks of employment.

39.     Defendants' failure to pay Plaintiff the Florida minimum wage was intentional and willful.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid Florida minimum wages, liquidated damages, prejudgment interest, costs of suit, and reasonable attorney's fees pursuant to the FMWA and Section 448.110, Florida Statutes

## COUNT IV - BREACH OF CONTRACT
### *(Against Western Fabricating)*

40.     Plaintiff realleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

41.     Plaintiff and Western Fabricating entered into a valid contract for employment where Plaintiff was to be paid a weekly salary of $1,250.00.

42.     Plaintiff performed his obligations under the contract.

43.     Western Fabricating breached the contract by failing to pay Plaintiff his earned salary for the period of January 5, 2026, through January 16, 2026.

44.     As a result of the breach, Plaintiff has suffered damages in the amount of $2,500.00.

WHEREFORE, Plaintiff demands judgment against Western Fabricating for damages, prejudgment interest, costs of suit, and reasonable attorney's fees pursuant to Section 448.08, Florida Statutes.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 20th day of April 2026.          Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com